UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,

      Plaintiff,

v.                              Case No. 3:15cv309/LC/CJK

FIDELITY INVESTMENTS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on plaintiff's amended complaint (doc. 10) and supplement to the complaint (doc. 12).   After reviewing the complaint, the undersigned concludes this case should be dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

      Plaintiff, proceeding *pro se* and *in forma pauperis*, is a federal prisoner currently confined at the United States Penitentiary in Pollock, Louisiana.   His complaint, titled "Bill in Equity," names Fidelity Investments ("Fidelity") as the sole defendant.   (Doc. 10, p. 1).   Plaintiff's amended complaint contains the following factual allegations.

Fidelity "is in possession of property (a security) which belongs to plaintiff and has been accepted." (*Id.*, p. 2).  Fidelity "has refused upon request to return security back to plaintiff." (*Id.*).  Plaintiff contacted Fidelity "via Fax # 888-321-7361 and phone # 877-208-0098 on or about Oct. 2014 concerning the return of security/bond with CUSIP # 315805689 being held in the Fidelity Advisor Small Cap B Fund with ticker symbol FSCBX." (*Id.*).  Plaintiff asserts Fidelity's action "constitutes theft and or deprivation of property." (*Id.*).  Plaintiff attached two documents to his complaint that provide information about the "Small Cap B Fund." (*Id.*, p. 4-5).  One of the documents states "Your CUSIP Results are as follows: SAMUEL R. ABRAM (CC 3:04-CR-00090-LC-MD-1)." (*Id.*, p. 4).  The document describes the investment strategy of the Small Cap B Fund and indicates the fund contains $3,870,000,000.00 in assets. (*Id.*).  On the bottom of the document plaintiff handwrote "accepted by beneficiary/grantee Samuel Roy Abram." (*Id.*).  The court takes judicial notice of the fact plaintiff is incarcerated as a result of convictions in Northern District of Florida Case No. 3:04cr90/LC/MD.

Based on the foregoing, plaintiff claims Fidelity violated his Fifth Amendment rights by depriving him of property without due process. (*Id.*).  For relief, plaintiff requests that Fidelity "recall and return the above mentioned security/bond which is

properly [plaintiff's] property."  (*Id.*).

The supplement to the complaint contains documents with the following titles: "Affidavit of Status of Samuel Roy Abram-American Freemen, Private Citizen of the United States: American National"; "Notice of Deed of Acknowledgment and Acceptance Without Consideration & Release Without Consideration: Nunc Pro Tunc Ab Initio"; State of Maryland Certificate of Live Birth; "Rescission of Signatures of Suretyship-Nunc Pro Tunc Ab Initio"; "Declaration Re Proper Name"; "Notice of Private Trust Arrangement"; "Affidavit of Exemption From Withholding." (Doc. 12, p. 2-19).  Among other things, these documents purport to establish plaintiff as a "Private Citizen of the United States" and create a "Private Business Trust" titled "SAMUEL ROY ABRAM."

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th

Cir. 1997).   In applying this standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible."  *Id.* at 570.

Here, plaintiff asserts Fidelity violated his Fifth Amendment rights by depriving him of a security without due process of law.  Plaintiff, however, has failed to state a claim against Fidelity because Fidelity–like any private corporate entity–is not subject to the Due Process Clause of the Fifth Amendment.   The Fifth Amendment applies only to the actions of the federal government; likewise, the Fourteenth Amendment's Due Process Clause applies only to actions of the state government.  *See Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law.").

Plaintiff's subsequently filed "Request for Ex Parte Hearing" (Doc. 18) highlights the frivolous nature of this action.  The request states in its entirety:

> I Samuel Roy Abram am the Grantee/Beneficiary of a Trust now established with the Northern District of Florida, Pensacola Division .

. . United States District Court.  I have Accepted as Grantee/Beneficiary the Bond/Security held by Fidelity Investments in the Fidelity Advisors Small Cap B Fund, Symbol FSCBX and titled with CUSIP # 315805689, which was originally tendered by United States District Court, Northern District of Florida, Pensacola Division.

I claim equitable title by nature to all the property of Security 315805689 and convey legal title by nature to a trustee upon an Ex Parte Hearing being conducted along with a Full Accounting Extinguishment and Recoupment.

Private Trust is a special matter and due to the exigent circumstances I am invoking this Court of inherent Equity to protect my interest as Private Citizen.  This Court has done a Judicial Review, Sua Sponte and seen the Equities on the face of the Bill in Equity; 315CV309.  I'm not asking the defendants to rebut this claim.  I want this Court to see my Equitable Cause of Action.  I want a trustee.  I want Chancery Casey Rodgers to do a full accounting.  I am a Private Citizen and this Court is hereby Indemnified with all the Powers of the Private Citizen to find the Private Side of the Accounting and run my trust.

(Doc. 18).

Although plaintiff's filings are saturated with (meaningless) legal terms, it is clear that plaintiff has failed to plead anything close to approaching an actionable claim.  Both the terms used and the documents previously referenced are at best nonsensical and certainly do not describe any sort of viable cause of action.  From the undersigned's experience, the documents filed by plaintiff may be associated with what is known as the sovereign citizen movement.  *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen

movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Civil actions similar to plaintiff's have been dismissed as without merit and frivolous. *See e.g.*, *Paul v. New York*, No. 13-CV-5047(SJF)(AKT), 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 WL 1281776 *1 n.3 (N.D. Ala. March 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."); *Bryant v. Washington Mutual Bank*, No. 6:07cv00015, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen"); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Based on the foregoing, this case should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is respectfully RECOMMENDED:

1.      That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief may be granted.

2.      That all pending motions be DENIED AS MOOT.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of March, 2016.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.